## Patricia Ladd *v.* Welfare Commissioner

### Appellate Division of the Circuit Court

File No. CV 10-6504-4504

Argued September 13—decided October 28, 1965

*Marvin M. Horwitz,* of Norwich, for the appellant (plaintiff).

*Mary P. Ryan,* assistant counsel, state welfare department, for the appellee (defendant).

Pruyn, J. The plaintiff has appealed under § 17-2b of the General Statutes from the action of the welfare commissioner in refusing to find her eligible for aid to dependent children under § 17-87. A fair hearing as required by § 17-2a was held, and the transcript of the hearing together with the hearing decision constitutes the record in the trial court.

§ 17-2b. "The findings of the commissioner or his designated hearing officer as to the facts, if supported by substantial and competent evidence, shall be conclusive. The court, upon such appeal, shall determine whether the commissioner has acted illegally or so arbitrarily and unreasonably as to abuse his discretion . . . ." § 17-2b (b). The trial court determined that the commissioner had not so acted.

The material facts are not in dispute. The plaintiff was formerly married to Donald Boushee, but they had been separated since December, 1962, and were divorced on November 1, 1963. At the time of the separation, he was contributing $45 a week to the support of his family, which contribution continued until May 3, 1963; from then on his support payments were, and continued to be, sporadic. The plaintiff received aid to dependent children, effective April 1, 1963, for the six children, aged four, six, eight, nine, ten and eleven, of her marriage to Boushee. This was discontinued June 30, 1964, after her marriage to Gerald Ladd on June 27, 1964. On December 14, 1964, the plaintiff reapplied for aid to dependent children for the six children of her former marriage. This was denied on the ground that she had remarried and was living with her husband, who was supporting the family, and the children were not being deprived of parental care. The plaintiff's husband earns about $120 a week on a sixty-six-hour week and has a difficult time in supporting his wife, their one child and his six stepchildren. The state made no determination of the need for such assistance.

The statutory provisions for state aid to dependent children were first enacted in 1941; Sup. 1941, c. 99b; and are now contained in General Statutes, chapter 302, part 2, §§ 17-84 to 17-107, as amended. The portions thereof concerning the definition of a

dependent child,[1] eligibility for aid,[2] the extent of aid,[3] and the grant of aid[4] are contained in the footnotes to this opinion. "The policy and purpose . . . [of this statute] is to provide a means for the support of dependent children in the home of the supervising relative applying for aid as preferable to placement in a state institution." *State* v. *Griffiths,* 152 Conn. 48, 58.

Prior to 1959, there was no reference in the statute to stepparents except in the definition of a needy child under the predecessor of § 17-82. In 1957, the

---

[1] A dependent child is defined in § 17-82 as "a needy child under the age of eighteen . . . who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, . . . stepfather, . . . or any other relative . . . ." A dependent child is further defined in § 17-86a (a) as follows: ". . . the term 'dependent child' shall, notwithstanding the provisions of section 17-82, include a needy child under the age of eighteen . . . who has been deprived of parental support or care by reason of the partial or total unemployment of a parent and who is living with any of the relatives specified in said section 17-82 in a place of residence maintained by one or more of such relatives as his or their own home."

[2] "Any relative having a dependent child or dependent children, who is unable to furnish suitable support therefor in his own home, shall be eligible to apply for and receive the aid . . . for such dependent child or children, and to meet such relative's own needs," with certain provisos not pertinent to the case before us. § 17-85.

[3] The extent to which aid is to be granted is "an extent adequate to enable the relative caring for such child or children, together with all other available income and support, to maintain a standard of living in the home reasonably compatible with health and decency for such child or children. In the determination of such need, the ability of a stepparent to provide for the support of his minor stepchild or stepchildren residing with him shall be considered in the same manner as that of a natural parent is considered, and a stepparent is defined for the purposes of this section as one who marries the parent of a minor child or children of whom such stepparent is not the actual parent." § 17-87 (a).

[4] When the commissioner of welfare receives an application for aid, he is required to make an investigation of "the financial condition of each applicant's and recipient's husband, wife, father, mother and child or children" and "shall grant aid only if he finds the applicant eligible therefor." § 17-90.

attorney general issued an opinion; 30 Conn. Atty. Gen. Rep. 19; that in determining eligibility of a child for aid to dependent children the commissioner of welfare was entitled to take into consideration the resources of the stepfather. The mother, the stepfather and her children are a family unit the resources of which should be considered. For the state to furnish aid, there should be an actual need. Need should not be created where none exists, based on the absence of a legal obligation on the part of the stepparent to support his stepchildren.[5] The 1959 General Assembly, by Public Act No. 79, codified this ruling of the attorney general by inserting in § 17-87 (a) the provisions concerning stepparents. It is to be noted that in the determination of need "the ability of a stepparent to provide for the support of his minor stepchild or stepchildren residing with him shall be considered *in the same manner as that of a natural parent is considered*" (italics supplied). In other words, a parent and a stepparent are placed on the same basis. Where a natural parent with whom his minor child is living is employed, his ability to support his child is not taken into consideration, since he is not eligible for aid to dependent children because the child is not being deprived of parental support or care by reason of the factors mentioned in § 17-82 and § 17-86a. A stepparent is to be treated in the same manner under § 17-87.

There is no error.

In this opinion JACOBS and LEVINE, Js., concurred.

---

[5] At common law, a stepparent is under no obligation to support his stepchildren. If, however, he has assumed the parental relation, acting in loco parentis, and holds them out to the world as members of his own family, he may incur the same liability for their support as if they were his own children; and statutes may impose a duty upon a stepparent to support his stepchildren. 67 C.J.S., Parent and Child, § 80. There is no such statute in Connecticut.